Dear Mr. Koupal:
This letter is in response to your question asking:
 Section 3 of Senate Bill 663, 83rd General Assembly, requires that physicians and surgeons who are on the medical staff of any hospital located in a county which has a population of more than 75,000 inhabitants shall, as a condition to admission to or retention on the hospital medical staff, furnish satisfactory evidence of a medical malpractice insurance policy of at least $500,000. Does the term "physician and surgeon" as used in this section apply to podiatrists licensed under Chapter 330?
Section 3 of Senate Bill No. 663, Eighty-Third General Assembly, Second Regular Session, provides as follows:
 Section 3. 1. Beginning on January 1, 1987, any physician or surgeon who is on the medical staff of any hospital located in a county which has a population of more than seventy-five thousand inhabitants shall, as a condition to his admission to or retention on the hospital medical staff, furnish satisfactory evidence of a medical malpractice insurance policy of at least five hundred thousand dollars. The provisions of this section shall not apply to physicians or surgeons who:
 (1) Limit their practice exclusively to patients seen or treated at the hospital; and
 (2) Are insured exclusively under the hospital's policy of insurance or the hospital's self-insurance program.
 2. This section shall not in any way limit or restrict the authority of any hospital in this state to issue rules or regulations requiring physicians or other health care professionals to carry minimum levels of professional liability insurance as a condition of membership on a hospital medical staff.
(Emphasis added.)
Section 1 of Senate Bill No. 663, Eighty-Third General Assembly, Second Regular Session, contains definitions of terms used in Sections 1 to 3 of that Act; however, the terms "physician" and "surgeon" are not defined therein. But see
Section 1(2) of Senate Bill No. 663, Eighty-Third General Assembly, Second Regular Session (defining the term "health care professional"). Section 334.021, RSMo 1978, provides as follows:
 Where other statutes of this state use the terms "physician", "surgeon", "practitioner of medicine", "practitioner of osteopathy", "board of medical examiners",
or "board of osteopathic registration and examination" or similar terms, they shall be construed to mean physicians and surgeons licensed under this chapter or the state board of registration for the healing arts in the state of Missouri.
Podiatrists are not licensed under Chapter 334, RSMo. Podiatrists are licensed by the State Board of Podiatry under Chapter 330, RSMo.
Accordingly, we conclude that podiatrists are not included in the terms "physician" or "surgeon" as used in Section 3 of Senate Bill No. 663, Eighty-Third General Assembly, Second Regular Session.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General